IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:22-cr-36 |
| | ) | |
| v. | ) | **GOVERNMENT'S MOTION IN LIMINE** |
| | ) | |
| DAVID MICHAEL WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the United States of America, in the Southern District of Iowa, by and through Assistant United States Attorney Andrea L. Glasgow, and hereby moves, pursuant to the Federal Rules of Evidence, for the Court to make certain pre-trial rulings excluding specific evidence and argument, from all stages of the trial, including jury selection, and admonition the defendant of the same.

The government has outlined herein specific topics that it believes the defendant may try to raise; however, this document is not meant to limit the Government's ability to object to the presentation of other evidence, which it believes is improper, at the time of trial.

I. **HEARSAY STATEMENTS**

Federal Rule of Evidence 802 prohibits the admission of hearsay. Fed. R. Evid. 802. Hearsay is defined as an out of court statement offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). This prohibition includes both oral and written statements. No out of court statements should be offered to prove the truth of the matter asserted, unless they fall under a designated exception to the hearsay rule. This includes any statement(s) the witness may have made previously to

officers, in messages, etc., and includes statements memorialized in police reports.

Specifically, the government asks that the Court admonish the defendant that he should not raise or argue things that Assistant United States Attorney Andrea L. Glasgow has said at previous hearings/in briefing, as it would be hearsay, and generally not relevant. The government asks that he Court further admonish the defendant that he should not raise or argue things such as his claim that MV #1 has made "17 prior false allegations of sexual abuse"—that statement has been denied by DHS, and MV#1 is not testifying, so his/her credibility is not at issue, and any statements/assertion of such allegations would be hearsay. Furthermore, the defendant has frequently raised the issue of the labeling of the bedsheets during the first search warrant at his residence. The government does not intend to offer any evidence related to DNA. That evidence is therefore, irrelevant. Regardless, to ask other witnesses about this issue, such as for example, Detective Obert, would be seeking to elicit hearsay, as Detective Obert was not involved in the labeling of the sheets.

## II.    HEARSAY STATEMENTS BY DEFENDANT

Statements made by a defendant are, at times, admissible under Federal Rule of Evidence 801(d)(2), which allows for the admission of statements made by an opposing party. These statements are considered not to be hearsay for purposes of Federal Rule of Evidence 801(c). A prerequisite for admission under Rule 801(d)(2), is that the statements must be offered *against* an opposing party. Fed. R. Evid. 801(d)(2).

The government intends to introduce statements the defendant made through messages. Those statements are admissible as an exception to the hearsay rule because they are being offered *against* the defendant. *Id*. The defendant cannot then attempt to offer his own statements, whether written or oral, through someone else. *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999); *see also United States v. Chard*, 115 F.3d 631, 635 (8th Cir. 1997). Defendants have, at times, argued that if the government offers portions of a statement against the defendant, that the defendant's full statement comes in under the so-called "rule of completeness," outlined in Federal Rule of Evidence 106. Under Rule 106, "[a]dditional parts of the recording can be admitted if they are necessary to '(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *Id*. at 491-92 (citing *United States v. Sweiss*, 814 F.2d 1208, 1211-12 (7th Cir. 1987)). A defendant cannot get his entire statement, or statements made at different times, into evidence to offer his own denials, simply because the Government has properly admitted portions of a statement inculpating the defendant. *Id*.

In order to properly admit additional portions of the defendant's statements, he must first specify which statement(s) he is asking to have admitted, and then make a preliminary showing that those portions are necessary to "qualif[y] or explain[] the portions already admitted." *Id*. at 1212. The Government hereby respectfully moves the Court to enter an order prohibiting the defendant from offering any of his own

statements into evidence, absent a hearing, outside of the presence of the jury, as to the portions of the statement(s) to be offered, and a showing that those portions are necessary to explain the portions offered by the Government.

This prohibition would include a prohibition against the defendant soliciting testimony from other witnesses about things he has said, even if those statements/messages have been viewed by the witness and/or were to the witness.

### III.   LEGAL/POLICY ISSUES NOT BEFORE THE JURY

In this case, the defendant has filed numerous motions to suppress evidence and seeking other relief, including sanctions against the prosecutor and dismissal of the charges. The Court has denied the motions. The legality of searches/seizures is a legal issue to be decided by the Court, and those issues have been resolved.

Those issues are not before the jury, and therefore, the defendant should be prohibited from stating/arguing/asking questions that suggest that officers violated his rights, including suggestions/assertions that officers "lied" in search warrants, that search warrants lacked probable cause, etc. Because those issues are not before the jury, they are irrelevant and should be excluded. *See* Fed. R. Evid. 401, 402, 403.

### IV.   IMPROPER IMPEACHMENT EVIDENCE

*a. Prior Convictions*

Federal Rule of Evidence 609 lays out the parameters of when a prior criminal conviction can be used to impeach a witness's credibility. The government has made copies of the lay witnesses criminal histories available to the defendant.

Under Federal Rule of Evidence 609, the government believes the following convictions may be used to impeach the respective witnesses:

(1) Jason Heider -None

(2) Riley Childers-None

(3) Kyle Maguire-2023 Felony Conviction for Sexual Misconduct with a Minor

The Government hereby respectfully moves this court to enter a pre-trial order prohibiting the defendant from attempting to impeach any of the Government's witnesses with prior criminal convictions, other than those outlined above, unless a hearing is had, outside of the presence of the jury, to determine the admissibility of such evidence.

    b. *Prior Inconsistent Statement*

Rule 613 discusses the procedure for impeaching a witness with a prior statement. Fed. R. Evid. 613. Rule 613(b) states, in part, that "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it." Fed. R. Evid. 613(b). The defendant, therefore, cannot attempt to impeach witnesses through extrinsic evidence, including through a different witness, unless he directly asks the witness about it and gives the witness a chance to explain or deny the statement. *Id*.

Additionally, investigative/law enforcement reports that the witness did not sign or otherwise adopt are not statements of the witness and may not be used to impeach the witness. *See Palermo v. United States*, 360 U.S. 343, 350 (1959) (it would

be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness's own rather than an investigator's selections, interpretations, and interpolations."). Therefore, the government seeks to prohibit the defendant from (a) impeaching a witness based on an investigative report that has not been subscribed to or adopted by the witness; and/or (b) quoting from, publishing, or suggesting to the jury that the contents of an investigative report are a statement of the witness—unless the witness is the investigator who authored the report.

### V.     Punishment

The government respectfully moves the Court to preclude the defendant from presenting/arguing to the jury the potential penalties he faces if convicted.

### VI.    Testimony During Opening Statement, Questioning of Witnesses, and Closing Argument

The government anticipates that defendant, while serving as his own counsel at trial, may attempt to introduce his own testimony during his opening statement, during the questioning of witnesses, or during his closing argument. This would not be the proper channel for the defendant's testimony, and would not subject him to cross examination. The government hereby respectfully requests the Court prohibit the defendant from inserting his testimony at any stage of the proceeding, other than if he takes the stand, testifies on his own behalf, and is subject to cross-examination. The government specifically asks the Court to: (1) warn the defendant that he will be held to the rules of law and evidence; (2) warn the defendant that he should refrain from speaking in the first person when arguing/commenting on the evidence; and (3)

instruct/remind the jury before both opening statements and closing arguments that the statements by the attorneys, including statements by the defendant acting as counsel, do not constitute evidence.

### VII.  Improper Cross-Examination

The government anticipates that the need may arise to limit the scope and substance of defendant's cross-examinations of trial witnesses. Although the Sixth Amendment guarantees the defendant an opportunity to cross-examine witnesses, it is not a right to conduct cross-examination "to whatever extent[] the defense might wish." *United States v. Recendiz*, 557 F.3d 511, 530 (7th Cir. 2009) (quoting *United States v. Jackson*, 540 F.3d 578, 591 (7th Cir. 2008)). The Court has wide discretion to place reasonable limits on cross-examination, based on, among other issues, concerns over confusion of the issues and relevance. *Id.*

### VIII.  Other Inappropriate Comments and Arguments

Because the defendant lacks formal legal education and training, the government anticipates that he may make various other improper legal arguments and may pose questions which violate the Federal Rules of Evidence. Therefore, in addition to the specific matters set forth above, the government respectfully requests that the defendant be directed on the following:

1. Not to solicit opinions or speculation from fact witnesses. *See* Fed. R. Evid. 602; 701.

2. Not to testify to opinions or speculation if he decides to testify. *See* Fed. R. Evid. 602; 701.

3. Not to harass witnesses by asking the same question repeatedly or argument with witnesses during questioning. *See* Fed. R. Evid. 611(a).

4. Not make improper "vouching" arguments or offer personal opinions during closing argument.

5. Not to make legal arguments or reference case law or any legal authority, outside of the jury instructions.

### IX. Consent

The government anticipates the defendant may try to introduce evidence/suggest that the minor victims were willing participants/consented to his criminal activities. Consent is not a defense to any of the offenses the defendant is charged with, and therefore, any such evidence would be irrelevant, and confuse the jury.

Likewise, the defendant has raised in some of his filings the prior sexual abuse of the minor victims. Such evidence is irrelevant to the crimes charged, and should be excluded.

### X. CONCLUSION

WHEREFORE, the government respectfully moves this Court to consider these matters and enter pre-trial orders prohibiting the admission of the above arguments and evidence at all stages of the trial, including jury selection.

Respectfully submitted,

Richard D. Westphal
United States Attorney

*/s/ Andrea L. Glasgow*

Andrea L. Glasgow<br>
Assistant United States Attorney<br>
U.S. Courthouse, Suite 310<br>
131 East Fourth Street<br>
Davenport, Iowa 52801<br>
Tel: (563) 449-5432<br>
Email: andrea.glasgow@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the defendant by U.S. mail, sent on September 12, 2023.

UNITED STATES ATTORNEY
By: */s/ Andrea L. Glasgow*
    Andrea L. Glasgow