In the United States District Court
for the Southern District of Iowa
at Davenport

| | |
|---|---|
| United States of America<br>    Plaintiff<br>v.<br>David Michael Woods<br>    Defendant | Criminal No. 3:22-cr-36<br><br>Defense Legal Brief |

Comes now the Defendant, David Michael Woods, Pro Se with his Legal Brief for his Defense. Defendant has been charged with Two Counts of Production of Child Pornography, one count of distribution of Child Pornography, and one count of Possession of Child Pornography. The Defendant has pled Not Guilty for all four charges.

Defendant contests the Governments elements of the offense which the Defendant is accused. The Government accuses the Defendant of Producing Child Pornography on January 18, 2021 with Jason Heider and MV1. However, the evidence shows that Defendant and MV1 were elsewhere at the Time of the alleged incident and therefore Defendant could not possibly have committed the crime.

Defendant contests the Government charges as the Defendant did not knowingly Produce Child Pornography, knowingly distribute Child Pornography, and did not knowingly possess Child Pornography. There was no intent to Produce, Distribute, or possess Child Pornography by the Defendant. Defendant did not perform actions, or know or intend, or understand what is alleged in the charges.

Co Defendant Jason Heider has pled guilty to his charges. The Defendant believes the story Mr. Heider has told has been embellished and fabricated in an effort to avoid additional charges against himself and his husband. Mr. Heider admitted to sexually abusing other minors on the Grinder App and two additional minors were uncovered by the police on Mr. Heider's Whisper App. The boy alleged in the pictures was not MV1 but could have been a blond boy Jason Heider met on Grinder from Muscatine.

There was no criminal intent by the Defendant. There are accusations the Defendant would drink with his children to get them drunk for sex, but the Defendant is allergic to alcohol and does not drink. Furthermore Defendant's children's birth parents abused alcohol which has had a profound effect on their outlook towards alcoholic drinks, and they do not drink alcohol. Defendant's home did not have any alcohol on premises, and none are in pictures taken during the search warrants. Defendant's youngest son's birth mother was killed by a drunk driver and he does not ever want to drink alcohol. Likewise Defendant does not have a record for illicit drugs, and no drugs were pictured or located during the search. They are disgusting accusations.

Mr. Heider also included Sean Sullivan in his fabricated story. Yes, Sean Sullivan lived with Defendant until late 2016. Yes, Mr. Sullivan was in a ~~felatio~~ sexual relationship with Jason Heider and David Heider. Mr. Heider makes many outlandish claims while stating Sean Sullivan "Ghosted" him and Mr. Heider claims not to know why. Mr. Heider knows the Defendant advised Sean Sullivan to stop any relationship with Jason Heider and David Heider after they gave Mr. Sullivan an STD/Sexually Transmitted Disease as well as trying to involve Mr. Sullivan in sexual relations with minors, specifically a young blond boy from Muscatine, Iowa. The Heider's took pics of cuddling with the young boy from Muscatine, including where Jason Heider anally penetrated the young blond boy from Muscatine. Sean Sullivan did end his relationship with the Heider's and Jason Heider has held a grudge against the Defendant ever since. Sean Sullivan never met Defendant's children. Sean Sullivan never took a picture with or of Defendant's children. Sean Sullivan and Defendant never drank alcohol because Defendant is allergic. Sean Sullivan and Defendant never did illicit drugs or any drugs while living together. The entire proffer and plea story is a fabrication and false.

The Defendant asks the Court to revisit the request for a Frank's hearing. The search warrant was issued to look for Child Pornography based on a video that was not child pornography as admitted by the Government, was not MV1 but was probably Cedric Taylor the person from Ohio who sent the video, much pertinent information was omitted, several misstatements were made, and Mr. Maguire is not a credible or reliable informant. The affiant sent an email to the State prosecutor IDing the boy in the video as the boy who sent the video, which was Cedric Taylor. Only one video was referenced by Mr. Maguire and he clarified that there was one video he was referring to while being questioned. Mr. Maguire did not know the social media account name for the person he chatted with or sent pics or received pics, he did not know phone number, address, or any personal details. The 8th Circuit has noted there are indicia of reliability in the richness of details of a 1st hand observation (United States v. Buchanan, 574 F.3d 554, 561 (8th Cir. 2009)) but Mr. Maguire didn't have that 1st hand observation and is evident in his incorrect details such as the # of sons the Defendant has, their ages, not knowing names, said we went to Mall of America all the time but we have NEVER been there. Mr. Maguire lied repeatedly in his interrogation and those lies were omitted from the affidavit. Mr. Maguire is not credible or reliable and his rap sheet proves this: 32 offenses in Minnesota, 5 cyber-tiplines from the FBI, drug charges in Iowa, drug charges in Maryland where Maryland police state Maguire is a "known drug abuser", 5 charges for child pornography in Minnesota, 3 child pornography charges in Virginia, Rape, 2 child pornography charges, 2 solicitation with a minor, and 2 sexual misconduct charges in Indiana, along with being a fugitive from justice in Minnesota, Maryland, and Virginia. Where probable cause is based on information supplied by an informant as is the case here the core question is whether the informant is reliable. United States v. Williams 593 (8th Cir. 1983) Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information or if it is corroborated by independent evidence. Draper v. United States

358 U.S. 307, 313 (1959). The affiant claims a white board corroborates Maguire's claim because the board lists Mall of America while excluding the other 20 places listed on the board such as Hawaii, Orlando, and more. The board did not say it was a travel planner or had anything to do with trips. They were places to watch virtual reality videos during the Covid crisis as a reward for completing school work, and the daily online class schedule was there as well. This search warrant fails under Spinelli, Aguillar, and Gates. There was no probable cause and no video was ever located per the Government.

    The Defendant looks forward to his day(s) in court and prevailing in this matter.

    Thank you for your time.

Respectfully      9-18-2023      No Email Address

*David Woods*

David Michael Woods
Defendant

Muscatine County Jail
Inmate David Michael Woods #32174
400 Walnut Street
Muscatine, Iowa
52761